# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| **CHRISTOPHER JAGGARS,** *Plaintiff,* | |
| v. | **CIVIL ACTION NO. 6:14-CV-00015** |
| **SANDY SPRING BANK,** *Defendant.* | **MEMORANDUM OPINION** |

This matter is before the Court upon consideration of the motion to dismiss filed by Defendant Sandy Spring Bank ("Defendant," or "Sandy Spring"). Principally, I must decide whether the claim raised by Plaintiff Christopher Jaggars ("Plaintiff") under the Virginia Business Conspiracy statutes, Va. Code §§ 18.2-499 and 18.2-500, sufficiently pleads harm to a business interest, as opposed to a personal interest. As I determine that the complaint fails to do so, I will grant the motion to dismiss. However, I will dismiss the complaint without prejudice and grant Plaintiff leave to file an amended complaint.

## I. BACKGROUND

### A. *Plaintiff's Allegations*

In early 2008, Plaintiff and his wife, Ashley Jaggars, were approached by Suzanne Johnson regarding the DpFunder Program that she was promoting on behalf of Global Direct Sales, L.L.C. ("Global Direct"). Global Direct is a forfeited Maryland limited liability company owned by Ryan Hill, who also owns and operates Rycho Funding, L.L.C. ("Rycho"), also a Maryland limited liability company. Johnson marketed the DpFunder Program through her own limited liability company, LMFL Investments, L.L.C, and showed Plaintiff a PowerPoint presentation that sought to persuade him to sign a "DpFunder Residential Dealer Agreement," pursuant to which Plaintiff would be paid sales commissions by Global Direct if he sold

memberships with sham benefits to the "client associations" of Global Direct. Plaintiff declined to participate.

Thereafter, Johnson forged DpFunder forms, purchased 1510 Club Drive in Lynchburg, Virginia from Phillip Booth at a foreclosure sale for $194,746, and then sold it to Plaintiff for $231,234. Johnson obtained a loan for Plaintiff from Gateway Mortgage Group in the amount of $275,000, which provided loan proceeds in excess of the purchase price. Prior to closing, Rycho falsely claimed, in a letter to the Settlement Agent, that Plaintiff owed Rycho a debt pursuant to a non-existent "Assignment of Funds." At closing, the Settlement Agent paid $49,600 of the loan proceeds to Rycho.

Rycho paid to Global Direct the funds it received pursuant to the fraudulent "Assignment of Funds," and Global Direct opened a savings account in Plaintiff's name at Sandy Spring without Plaintiff's knowledge or consent. Defendant bypassed its normal procedures and, in violation of the Patriot Act, allowed an account to be opened in Plaintiff's name without any verification and without obtaining his consent. On January 26, 2009, Global Direct issued a fraudulent Form 1099, falsely showing that it had paid $43,500 in sales commissions to Plaintiff in 2008. The purpose of the form was allegedly to allow Global Direct to conceal the loan proceeds that it received from Rycho and to shift tax liability from Global Direct to Plaintiff, who suffered a personal tax liability of approximately $12,021.

*B. Procedural Background*

On January 22, 2014, this action was filed in the Circuit Court of the City of Lynchburg. On April 21, 2014, Defendant filed a demurrer. After briefing on the demurrer, the Circuit Court granted Plaintiff's motion to amend the ad damnum clause of the complaint, adding a claim for

$350,000 in punitive damages, and on May 1, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441.

## II. STANDARD OF REVIEW

The appropriate pleading standard for considering a motion to dismiss for failure to state a claim upon which relief can be granted is that refined by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The following long-held rule still stands: "In evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

## III. DISCUSSION

To establish a claim for business conspiracy under Virginia Code §§ 18.2-499 and 18.2-500, the plaintiff must prove that there was:

> (1) a combination of two or more persons; (2) for the purpose of willfully and maliciously injuring the plaintiff in reputation, trade, business or profession; (3) resulting in damage to the plaintiff.

*CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 28, 431 S.E.2d 277 (1993); *see also T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 845 (4th Cir. 2004)

(stating that "[a] claim for statutory civil conspiracy under Virginia law must allege (1) two or more persons combined, associated, agreed, or mutually undertook together to (2) willfully and maliciously injure another in his reputation, trade, business or profession"). A plaintiff must prove that a defendant acted intentionally, purposefully, and without lawful justification. *See Commercial Business Systems, Inc. v. BellSouth Services, Inc.*, 249 Va. 39, 47 (1995). The standard is legal malice rather than actual malice. *Compare Simmons v. Miller*, 261 Va. 561, 578 (2001) (stating the current standard in holding that the statute does not require the plaintiff to prove that "a conspirator's primary and overriding purpose is to injure another in his trade or business") *with Nationwide Mutual Fire Ins. Co. v. Jones*, 577 F. Supp. 968, 971 (W.D. Va. 1984) (stating an older standard in holding that the "conduct must be directly aimed towards damaging the business, trade, reputation, or profession: the injury must not be result or secondary effect of an action taken for mere personal gain").

Significantly, the Supreme Court of Virginia has also held that the business conspiracy statutes "apply to business and property interests, not to personal or employment interests." *Andrews v. Ring*, 266 Va. 311, 319 (2003); *see also*, *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985) ("a right of action is 'afforded [under these statutes] only when malicious conduct is directed at one's *business*, not one's *person*'"; "the statute 'focuses upon conduct directed at property, *i.e.*, one's business' and applies only to 'conspiracies resulting in business-related damages.'") (citations and annotations omitted); *see also Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 654 (W.D. Va. 2006) ( "Plaintiff's professional reputation and stock ownership in his own company . . . are employment interests, not business interests. A plethora

of cases reveal that employment interests are not covered by the Virginia civil conspiracy statutes").[1]

The most relevant comparison to this case is the Supreme Court of Virginia's decision in *Luckett v. Jennings*, 246 Va. 303, 435 S.E.2d 400 (1993). In *Luckett*, the plaintiff was a real estate developer who had entered into an agreement with the defendants to develop parcels of land. *Id.* at 305. Eventually, Luckett claimed that the defendants conspired against him and injured his business in violation of Virginia Code § 18.2-499. *Id.* The Circuit Court of Fairfax County sustained a demurrer to the business conspiracy count, ruling that Luckett had failed to establish an injury to his business. *Id.* at 306. The Supreme Court of Virginia reversed, finding that Luckett had stated a viable claim. The Supreme Court found particularly relevant that "the motion for judgment describes the nature of Luckett's business as a real estate developer, including the specific types of activities he undertakes in the conduct of his business," and "specifically alleges injury to his business . . . setting forth itemized damages, which he claims represent the business injury he suffered." *Id.* at 307-308. These damages included money lent to the business, expenses incurred recovering a professional construction management fee, and loss of equity interest in the business. *Id.* at 308 n. 2.

---

[1] Nearly all of the cases addressing the business/personal distinction find that employment interests, including damage to one's professional reputation, are personal interests rather than business interests. *See, e.g., Shirvinski v. United States Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (stating that "[d]espite its broad language, it is well settled that this statute applies only to [business] injuries . . . [Plaintiff's] injuries, however, are of personal dimension. At the time he was removed from the Deepwater Project, he neither owned a company, did business as a separate organization, nor had a separate tax identification number for his contractor status."); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 267 (W.D. Va. 2001) (in an employment context, stating that, "[i]n order to state a claim under Section 18.2-499, courts have held that the conspiracy must be one to injure the plaintiff 'in his business'"); *Campbell v. Bd. of Supvrs.*, 553 F. Supp. 644, 645 (E.D. Va. 1982) (limiting claims under Va. Code § 18.2-499 to conduct directed at a "business" as opposed to personal employment interests); *Ward v. Connor*, 495 F. Supp. 434, 439 (E.D. Va. 1980) (ruling that a plaintiff cannot recover for harm to his personal reputation and not any business interest under the business conspiracy statutes). In this case, Plaintiff does not allege damage to his personal employment interests; therefore, the majority of case law addressing the business/personal distinction is generally instructive but not specifically relevant.

Here, by contrast, Plaintiff's business is described in a conclusory manner, and no business damage is specifically alleged. The complaint mentions that the alleged co-conspirators "engaged in a money laundering conspiracy . . . for the purpose of injuring the plaintiff Christopher Jaggars' business of real estate investment" and also states that "[t]he business of the plaintiff which the defendant conspired to injure was the plaintiff's business of investing in residential real estate." Pl.'s Compl. at ¶ 17, 22. Plaintiff does not, however, describe his business as a real estate developer in the complaint, instead merely offering "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which "will not do." *Twombly*, 550 U.S. at 555. In his response to the motion to dismiss, Plaintiff added that "Jaggars was engaged in these business ventures as a sole proprietor, but these were nonetheless business ventures," Pl.'s Resp. Br. at 8; however, the response is insufficient to overcome Plaintiff's failure to plead the existence of a business interest. The only damages cited in the complaint are "tax liability on the falsely reported income in the amount of approximately $12,021.00, and . . . attorney's fees."[2] Pl.'s Compl. at ¶ 24. Although Plaintiff's counsel argued at the hearing in this matter that the tax liability incurred was on business rather than personal income, there is no such suggestion in the complaint itself, and Plaintiff has failed to set forth any other itemized damages relating to a business comparable to those pleaded in *Luckett*.

## IV. CONCLUSION

Accordingly, I find that the complaint fails to "describe the nature of [Plaintiff's] business as a real estate [investor], including the specific types of activities he undertakes in the conduct of his business," and it fails to "specifically allege[] injury to his business." *Luckett*, 246 Va. at 307-308. A plaintiff must plead that co-conspirators combined to injure "the plaintiff in reputation, trade, business, or profession" in order to state a claim under the Virginia business

---

[2] As previously observed, Plaintiff later added a claim for $350,000 in punitive damages.

conspiracy statutes. *CaterCorp*, 246 Va. at 28. Plaintiff has failed to do so, and I will grant Defendant's motion to dismiss.

However, bearing in mind the liberal spirit of amendment embodied in Rule 15 of the Federal Rules of Civil Procedure and that allegations were raised during oral argument that are not found in the complaint, I will dismiss Plaintiff's complaint without prejudice, and Plaintiff will be granted leave to file an amended complaint. An appropriate order follows.

ENTERED: June 25, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE