**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| **CHRISTOPHER JAGGARS,** ) | |
| *Plaintiff,* ) | |
| ) | **CASE NO. 6:14-CV-00015** |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| **SANDY SPRING BANK,** ) | |
| *Defendant.* ) | |

This matter is before me upon consideration of the second motion to dismiss filed by Defendant Sandy Spring Bank ("Defendant"). Principally, I must decide whether the claim raised by Plaintiff Christopher Jaggars ("Plaintiff") under the Virginia Business Conspiracy statutes, Virginia Code §§ 18.2-499 and 18.2-500, properly pleads the requisite legal malice. As I determine that the complaint does so, I will deny the motion to dismiss.

## I. BACKGROUND

*A. Plaintiff's Allegations*

Plaintiff Christopher Jaggars was in the business of purchasing residential real estate for the purpose of renting the property to tenants and holding it as an investment so that he could later sell the property at an appreciated value. When Suzanne Johnson, who was employed at Gateway Mortgage Group, learned that Jaggars was engaged in the business of investing in residential real estate, she targeted him as a potential victim of the DpFunder Program scheme that she was promoting on behalf of Global Direct Sales, L.L.C. ("Global Direct"). Global Direct is a forfeited Maryland limited liability company owned by Ryan Hill, who also owns and operates Rycho Funding, L.L.C. ("Rycho"), also a Maryland limited liability company. Johnson marketed the DpFunder Program through her own limited liability company, LMFL Investments, L.L.C, and showed Plaintiff a PowerPoint presentation that sought to persuade him to sign a

[1]

"DpFunder Residential Dealer Agreement," pursuant to which Plaintiff would be paid sales commissions by Global Direct if he sold memberships with sham benefits to the "client associations" of Global Direct. Plaintiff declined to participate.

Thereafter, Johnson forged DpFunder forms, purchased 1510 Club Drive in Lynchburg, Virginia from Phillip Booth at a foreclosure sale for $194,746, and then sold it to Plaintiff for $231,234. Johnson obtained a loan for Plaintiff from Gateway Mortgage Group in the amount of $275,000, which provided loan proceeds in excess of the purchase price. Prior to closing, Rycho falsely claimed, in a letter to the Settlement Agent, that Plaintiff owed Rycho a debt pursuant to a non-existent "Assignment of Funds." At closing, the Settlement Agent paid $49,600 of the loan proceeds to Rycho. Rycho paid to Global Direct the funds it received pursuant to the fraudulent "Assignment of Funds," and Global Direct opened a savings account in Plaintiff's name at Sandy Spring Bank without Plaintiff's knowledge or consent. Defendant knowing and intentionally joined this conspiracy, bypassed its normal procedures and, in violation of the Patriot Act, allowed an account to be opened in Plaintiff's name without any verification and without obtaining his consent.

On January 26, 2009, Global Direct issued a fraudulent Form 1099, falsely showing that it had paid $43,500 in sales commissions to Plaintiff in 2008. The purpose of the form was allegedly to allow Global Direct to conceal the loan proceeds that it received from Rycho and to shift tax liability from Global Direct to Plaintiff.

*B. Procedural Background*

On January 22, 2014, this action was filed in the Circuit Court of the City of Lynchburg. On May 1, 2014, Defendant properly removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendant filed a motion to dismiss, alleging that Plaintiff's complaint failed to state harm

[2]

to a business, as opposed to a personal, interest. That motion was fully briefed and argued, and on June 25, 2014, I issued a memorandum opinion and order granting the motion to dismiss without prejudice, finding that Plaintiff's complaint failed to state harm to a business interest but granting Plaintiff leave to file an amended complaint. Plaintiff filed his amended complaint on July 9, 2014, Defendant filed a second motion to dismiss on July 17, 2014, and as the motion was argued before me on August 21, 2014, the matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

The appropriate pleading standard for considering a motion to dismiss for failure to state a claim upon which relief can be granted is that refined by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The following long-held rule still stands: "In evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

## III. DISCUSSION

### A. Collateral Estoppel

[3]

Plaintiff argues that the motion to dismiss should be denied because Defendant's legal malice argument is precluded by collateral estoppel. Collateral estoppel is applicable only if: (1) the issue sought to be precluded is identical to one previously litigated; (2) that issue was actually determined in a prior proceeding; (3) that issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Eastern Associated Coal Co v. Dir., OWCP,* 2014 U.S. App. LEXIS 12624, at *22-23 (4th Cir. 2014). Clearly, and contrary to Plaintiff's novel suggestion that any challenge to the sufficiency of the complaint was resolved during the prior proceeding, the only issue that was determined by the first motion to dismiss was whether Plaintiff's complaint sufficiently stated harm to a business, as opposed to a personal, interest. The question of whether Plaintiff's complaint adequately alleges the requisite legal malice was not determined at all in the prior proceeding, and it obviously was not, therefore, a critical and necessary part of the decision. Accordingly, collateral estoppel is inapplicable, and I will consider the merits of Defendant's motion.

*B. Conspiracy under Virginia Code §§ 18.2-499 and 18.2-500*

Under Virginia Code § 18.2-500, "[a]ny person who [is] injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499" may seek relief in a civil court. Va. Code § 18.2-500. The relevant portion of Virginia Code § 18.2-499 imposes liability on "[a]ny two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . . ." Va. Code § 18.2-499. To ultimately prevail under the Virginia Business Conspiracy statute, a plaintiff must prove by clear and convincing

evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury. *See Va. Vermiculite Ltd. v. W.R. Grace & Co.-Conn.*, 144 F. Supp. 2d 558, 601 (W.D. Va. 2001), *aff'd on other grounds sub nom.*, *Va. Vermiculite Ltd. v. Historic Green Springs, Inc.*, 307 F.3d 277 (4th Cir. 2002); *see also Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522, 526 (4th Cir. 1997).

"Concerted action" reflects the statutory requirement that a plaintiff ultimately prove that someone "combined, associated, agreed, mutually undertook, or concerted together" with someone else in the injurious conduct. *See* Va. Code § 18.2-499; *Simmons v. Miller*, 261 Va. 561, 544 S.E. 2d 666, 677 (2001). This means that a plaintiff must prove that the defendants "combined together to effect a preconceived plan and unity of design and purpose." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (internal quotation marks omitted). After all, this "common design is the essence of the conspiracy." *Id.* "Conspiracy is not established simple by lumping 'the defendants' altogether" because the heart of conspiracy "is an agreement and a conscious decision by each defendant to join it." *SD3, LLC v. Black & Decker (U.S.), Inc.*, 2014 U.S. Dist. LEXIS 96256, at*8 (E.D. Va. 2014). To survive a motion to dismiss, then, a plaintiff "must at least plead the requisite concert of action and unity of purpose," and must do so "in more than mere conclusory language." *Bay Tobacco, LLC*, 251 F. Supp. 2d at 499. (internal quotation marks omitted).

"Legal malice" requires showing "that the defendant acted intentionally, purposefully, and without lawful justification" to injure the plaintiff. *Simmons*, 544 S.E.2d at 677. A plaintiff need not prove that the defendant's primary and overriding purpose was to injure the plaintiff's reputation, trade, or business. *See Commercial Business Systems, Inc. v. Bellsouth Services, Inc.*, 249 Va. 39, 453 S.E.2d 261, 267 (1995) ("[W]e do not think that, as a general proposition, the

[5]

conspiracy statutes require proof that a conspirator's primary and overriding purpose is to injure another in his trade or business. The statutes do not so provide, and such a requirement would place an unreasonable burden on a plaintiff."). Importantly, however the plaintiff must prove that such a purpose was at least one of the purposes of the conspiracy. *Simmons*, 544 S.E.2d at 676-77.

Here, I find that Plaintiff's allegations of a violation of Virginia Code § 18.2-499, while arguably pleaded in conclusory language, are sufficient to withstand the motion to dismiss. Plaintiff alleges that "Sandy Spring Bank engaged in a money laundering conspiracy with the Hill conspirators for the purpose of injuring the plaintiff Christopher Jaggars' business of real estate investment." Pl.'s Am. Compl. ¶ 21. Plaintiff also alleges that a Sandy Springs Bank employee, "working within the scope of her employment, agreed with the Hill conspirators, and acted in concert with them, to harm the plaintiff Christopher Jaggars' business." *Id.* at ¶ 22. These allegations suggest that Defendant acted in concert with the Hill conspirators. Plaintiff also asserts that the employee of Sandy Springs Bank acted "knowingly and in cooperation with [the] Hill conspirators" to perform an action "in violation of the USA Patriot Act." *Id.* at ¶ 21. Although the required intent is also pleaded in an arguably conclusory fashion, I note that malice may be averred generally. *See College Loan Corp. v. SLM Corp.*, 2002 U.S. Dist. LEXIS 2774, at *20 (E.D. Va. 2002) (noting that while the element of malice was not pled by specifically alleging particular facts supporting the legal standard of malice, this was not fatal to the complaint because malice can be averred generally); *see also* Fed. R. Civ. P. 9(b). I find that the complaint, in its entirety, is sufficiently specific and particular to support an inference that the required elements of concerted action, legal malice, and causally related injury have been pleaded.

## IV. CONCLUSION

In considering a Rule 12(b)(6) motion, a court must draw all reasonable inferences in favor of the plaintiff. *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). Drawing all inferences in favor of the Plaintiff, I am unable to conclude that Plaintiff has failed to state a claim under the Virginia Business Conspiracy Act. Accordingly, I will deny Defendant's motion to dismiss. An appropriate order follows.

Entered this __28th__ day of August, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE